THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PIROSHKY BAKING COMPANY LLC, a Washington corporation,<br><br>                     Plaintiff,<br>     v.<br><br>SKY HUVARD, an individual, and CYBOTECH LLC, an unincorporated Washington entity,<br><br>                     Defendants. | CASE NO. C20-0733-JCC<br><br>ORDER |

       This matter comes before the Court on Plaintiff's motion to seal (Dkt. No. 10). Plaintiff seeks to maintain under seal its motion to enforce the parties' settlement agreement and related documents pursuant to the confidentiality provision in that agreement. (*See id.* at 2–3; Dkt. Nos. 11–12, 15–18, 21.)

       "There is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal." W.D. Wash. Local Civ. R. 5(g). Accordingly, a motion to seal must include a certification that the parties have met and conferred in an effort to agree on whether the document need be kept under seal, the amount of material that need be kept under seal, and whether redaction or other alternatives to sealing are appropriate. W.D. Wash. Local Civ. R.

5(g)(3)(A); *see* W.D. Wash. Local Civ. R. 5(g)(1)(A).

The parties were unable to meet and confer prior to Plaintiff's filing of its motion to seal. (*See* Dkt. Nos. 10 at 3–5, 19 at 2.) Unsurprisingly, Plaintiff's motion does not include a certification that the parties met and conferred pursuant to Local Civil Rule 5(g) before Plaintiff filed its motion. (*See generally* Dkt. No. 10.) Defendants state that "[s]ince the Defendants join in the motion, they waive the right to confer." (*See* Dkt. No. 19 at 2.) But Defendants misconstrue the meet-and-confer requirement: it is not a right given to the parties, but rather a prerequisite for filing a motion to seal "even if it is a stipulated motion." W.D. Wash. Local Civ. R. 5(g)(3). Accordingly, Plaintiff's motion to seal is DENIED without prejudice to refile. The Clerk is DIRECTED to maintain Docket Numbers 11, 15, 16, 17,18, and 21 under seal pending the filing of a renewed motion to seal and the Court's ruling on such a motion.[1]

DATED this 9th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Defendants' response to Plaintiff's motion to seal was filed on Wednesday, July 1, 2020, although the motion was noted for the Court's consideration on Friday, July 3, 2020. (*See* Dkt. Nos. 10, 19.) Defendants' counsel professes that he "carefully read the local court rules at least three times and checked his calendar and each time determined that this response was due on the Wednesday before scheduled hearing date, which is today . . . . If Defendant's counsel got this wrong, it was an inadvertent error and not for lack of trying." (Dkt. No. 19 at 2.) The relevant Local Civil Rule provides that "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." W.D. Wash. Local Civ. R. 7(d)(3). Defendants' counsel is encouraged to comply with the Local Civil Rules when filing future documents with the Court.