THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PIROSHKY BAKING COMPANY LLC, a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SKY HUVARD, an individual, and CYBOTECH LLC, an unincorporated Washington entity,<br><br>  Defendants. | CASE NO. C20-0733-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to enforce settlement agreement (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.  BACKGROUND**

Plaintiff is a Washington corporation which started its business as a bakery in 1992 under the name "Piroshky Piroshky." (Dkt. No. 1 at 2–3.) Plaintiff has since expanded its activities to include "facility management services; human resources services; accounting and bookkeeping services; PR, marketing, branding, communications, and advertising; storage; security services; customer support; and others." (*Id.* at 3.) Plaintiff has accordingly developed certain confidential

ORDER
C20-0733-JCC
PAGE - 1

information, and Plaintiff derives independent economic value from keeping that information confidential. (*Id.* at 3–4.)

In 2013, Plaintiff engaged Defendants to provide Plaintiff with technical support, including building and maintaining a website and converting Plaintiff's confidential information to source code. (*Id.* at 4–5.) In April 2020, Plaintiff terminated its relationship with Defendants. (*Id.* at 6–7.) Plaintiff demanded that Defendants return Plaintiff's purported trade secrets, Plaintiff's website, and the source code created from Plaintiff's confidential information. (*Id.* at 7.) In May 2020, Plaintiff filed suit in this Court against Defendants, alleging claims of intellectual property theft and unjust enrichment. (*See generally id.*; Dkt. No. 11 at 2.) Defendants filed suit against Plaintiff in King County Superior Court, alleging that Plaintiff failed to pay Defendants' invoices. (*See* Dkt. No. 11 at 2.)

On June 5, 2020, Defendants sent Plaintiff proposed settlement terms. (*See* Dkt. No. 11-2 at 11–16.) On June 7, 2020, Plaintiff responded with a counteroffer. (*See id.* at 4.) The counteroffer set forth the parties' duties as to (1) Defendants' obligation to "return and/or destroy everything of or related to the services performed for [Plaintiff] and to certify to the same"; (2) Defendants' obligation to "assign all right title and interest copyright, trade secret, patent rights, inchoate IP and all other property rights whatsoever (excepting copyright in the source code, and the source code (proper)"; (3) Plaintiff's payments to Defendants for Defendants' intellectual property interests and outstanding bills over a 12-month or a six-month period; (4) executing mutual releases and filing dismissals of their respective actions; and (5) execution of an agreement including a non-disparagement clause. (*Id.* at 5–8.) Later that day, Defendants selected the six-month payment plan. (*Id.* at 4.) After Plaintiff rejected Defendants' request for additional security, Defendants asked, "So the Settlement Agreement is what we see now?" (*Id.* at 3.) Plaintiff responded, "Are you accepting the 1:13 PM offer below, with the six month option . . . ? If yes, we're settled. If no, then we're not settled. Just let me know yes or no in response to this email." (*Id.* at 2.) In response, Defendants stated, "Yes." (*Id.*)

On June 10, 2020, Plaintiff emailed Defendants a draft settlement agreement which memorialized the parties' agreed terms and added additional provisions. (*See* Dkt. No. 11-3 at 2–23.) On June 11, Defendants sent Plaintiff a red-line version of the settlement agreement; the suggested changes altered several payment and assignment deadlines, highlighted that the parties had not discussed Defendants' future participation in domain name transfers or a pending patent prosecution, struck a non-competition covenant, and named a different mediator in the dispute resolution provision. (*See* Dkt. No. 11-4 at 2–17.) Plaintiff agreed to Defendants' proposed changes regarding the deadlines, striking the non-competition provision, and the mediator. (*See* Dkt. No. 11-5 at 2.) With regard to the domain name, Plaintiff stated that "if Network Solutions requires his assistance at all, I would like to have Mr. Huvard obligated to help with it, if what Mr. Huvard says is true, there will be no obligation on his part—and that should make it very easy to accept." (*Id.*) Plaintiff also noted that Defendants had already agreed to "assign all right title and interest to [] patent rights [] and all other property rights whatsoever" but proposed additional language regarding Plaintiff's and Defendant Huvard's respective interests in the pending patent application. (*See id.*; Dkt. No. 11 at 8.) Plaintiff asked that the parties discuss the matter further over the phone. (*See* Dkt. No. 11-5 at 2.)

On June 12, 2020, Defendants raised a novel objection to the proposed settlement agreement's language regarding the return of Plaintiff's property, arguing that it may require Defendants to print voluminous pages of past emails. (Dkt. No. 11-6 at 3.) In response, Plaintiff pointed out that the provision was intended to require Defendants to "return what is already printed out via a box" and asked Defendants to suggest new language if preferred. (*Id.*) Rather than suggesting new language, Defendants' then-counsel stated that Defendants had retained new counsel, that Defendants would substantively respond to the lawsuit, and that "the settlement is not approved and will not be signed by Mr. Huvard." (*Id.* at 2.)

Plaintiff now moves to enforce the parties' purported settlement agreement. (Dkt. No.

11.)[1]

## II. DISCUSSION

### A. Motion to Enforce Settlement Agreement

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (collecting cases). "However, the district court may enforce only *complete* settlement agreements." *Id.*

In Washington, "[s]ettlements are considered under the common law of contracts." *Condon v. Condon*, 298 P.3d 86, 92 (Wash. 2013). Under Washington law, the formation of a contract require a meeting of the minds between the parties to the contract. *See Sea-Van Invs. Assocs. v. Hamilton*, 881 P.2d 1035, 1038–39 (Wash. 1994); *see also Blue Mt. Constr. Co. v. Grant Cty. Sch. Dist. No. 150-204*, 306 P.2d 209, 212 (Wash. 1957) ("The acceptance of an offer is always required to be identical with the offer, or there is no meeting of the minds and no contract."). Washington follows the objective manifestation theory of contracts, which "lays stress on the outward manifestation of assent made by each party to the other. The subjective intention of the parties is irrelevant." *City of Everett v. Sumstad's Estate*, 631 P.2d 366, 367 (Wash. 1981) (citing *Plumbing Shop, Inc. v. Pitts*, 408 P.2d 382, 384 (Wash. 1965)).

In addition, for a settlement to be enforceable, the parties must agree to all material terms of the agreement. *See P.E. Sys., LLC v. CPI Corp.*, 289 P.3d 638, 644 (Wash. 2012). "Under

---

[1] Plaintiff's motion was noted for the Court's consideration on July 3, 2020. (*See* Dkt. No. 11.) On July 1, 2020, Plaintiff notified the Court of Defendants' failure to file an opposition to the motion and asked that the Court construe Defendants' non-opposition and an admission of the motion's merit. (*See* Dkt. No. 14 at 1) (citing W.D. Wash. Local Civ. R. 7(b)(2)). Later that day, Defendants filed a response in which Defendant's counsel professes that he "carefully read the local court rules at least three times" and "determined that this response was due on the Wednesday before scheduled hearing date." (Dkt. No. 15 at 1.) It is unclear how Defendants' counsel reached his conclusion, as the relevant Local Civil Rule provides that "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." W.D. Wash. Local Civ. R. 7(d)(3). Once again, Defendants' counsel is admonished to comply with the Local Civil Rules when filing future documents with the Court. (*See* Dkt. No. 23 at 2 n.1.)

ORDER
C20-0733-JCC
PAGE - 4

Washington law, a contract is binding on the parties when the intention of the parties is plain and the parties or their counsel agree on the terms of the contract even if one or both parties contemplated signing a more formal writing in the future." *Daroudi v. Bank of Am.*, Case No. C13-1561-RSL, Dkt. No. 26 at 2 (W.D. Wash. 2014) (citing *Veith v. Xterra Wetsuits, LLC*, 183 O.3d 334, 337 (Wash. Ct. App. 2008); *Morris v. Maks*, 850 P.2d 1357, 1359 (Wash. Ct. App. 1993)); *see Kruger v. Credit Int'l Corp.*, Case No. C10-1374-RSM, Dkt. No. 35 at 5 (W.D. Wash. 2012) (concluding that "Defendant's response . . . created a binding contract when Defendant unequivocally accepted Plaintiff's counteroffer" by stating, "Thank you for your patience, I was finally able to get confirmation today from the client that we have a deal.").

Here, the parties reached an agreement to settle this matter on June 7, 2020. On that day, Plaintiff's counteroffer to Defendants fixed the parties' duties as to Defendant's obligation to return or destroy property related to their work for Plaintiff, Defendants' obligation to "assign all right title and interest copyright, trade secret, patent rights, inchoate IP and all other property rights whatsoever (excepting copyright in the source code, and the source code (proper)," Plaintiff's payments to Defendant, the parties' mutual releases, and the execution of a future agreement with a non-disparagement clause. (*See* Dkt. No. 11-2 at 5–8.) When Plaintiff subsequently enquired whether Defendants were "accepting the 1:13 PM offer below, with the six month payment option . . . ? If yes, we're settled," Defendants simply stated, "Yes." (*Id.* at 2.) Thus, on June 7, 2020, there was a clear meeting of the minds between the parties and the terms of the parties' agreement were sufficiently complete and definite to constitute an enforceable settlement agreement. *See Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004). That agreement is enforceable even though the parties contemplated executing a written agreement that would include a non-disparagement clause. *See Daroudi*, Case No. C13-1561-RSL, Dkt. No. 26 at 2.

Plaintiff also asks that the Court find that the parties agreed to additional terms on June 11, 2020. (Dkt. No. 11 at 8–9.) Specifically, Plaintiff argues that in response to Defendants' red-

line version of the parties' proposed settlement agreement, Plaintiff accepted Defendants' proposed material changes and proposed immaterial changes that did not rise to the level of a counteroffer. (*See id.*) (citing *Travis v. Tacoma Pub. Sch. Dist.*, 85 P.3d 959, 964 (Wash. Ct. App. 2004)). But the language of Plaintiff's June 11, 2020 email shows that Plaintiff was contemplating future negotiations. For example, Plaintiff stated that it was providing its "thoughts" on Defendants' red-line edits. (Dkt. No. 11-5 at 2.) And Plaintiff asked that Defendants "call [Plaintiff] once you have had a chance to review this." (*Id.*) Given that Plaintiff still wanted to discuss its thoughts on Defendants' edits, the parties could not have reached a meeting of the minds on June 11, 2020. And the record shows that, rather than calling to discuss the matter further, Defendants informed Plaintiff that they had retained new counsel and would be substantively responding to Plaintiff's complaint. (*See* Dkt. No. 11-6 at 2.) Therefore, Plaintiff has not established that the parties reached a meeting of the minds on June 11, 2020, sufficient to form an additional binding contract. *See Callie*, 829 F.2d at 890; *Sea-Van Invs. Assocs.*, 881 P.2d at 1038–39; *City of Everett*, 631 P.2d at 367.

     In response to Plaintiff's motion to enforce the parties' settlement agreement, Defendants argue that the parties have not reached an agreement on several materials terms. (*See* Dkt. No. 15 at 6–7.) Defendants simply list several alleged terms without accompanying citation to the record or substantive argument. (*See id.*) Defendant's arguments are without merit. First, the question of "[w]hether [Plaintiff] has any trade secrets that are protectable" is irrelevant to the question of whether the parties reached an agreement to settle this matter. Second, the parties' June7, 2020 agreement resolves the question of "[w]ho owns the source code that Huvard wrote" because Defendants agreed to "assign all right title and interest" to the intellectual property rights arising from the source code in exchange for enumerated payments. (*See* Dkt. No. 11-2 at 6–7.) Third, Defendants agreed to "certify under penalty of perjury that everything [of or related to the services performed for Plaintiff] has been returned or deleted within 3 days of execution"; therefore, Defendant Huvard's insistence "that he does not have any" of Plaintiff's property is

immaterial. (*See id.* at 5.) Fourth, Defendants agreed to the amounts they would be paid for their work and the transfer of their intellectual property rights and in fact selected Plaintiff's six-month payment plan, thereby addressing any questions about how much and when they would be paid. (*See id.* at 2, 4.) Finally, Defendants' reference to a non-competition clause is unavailing. Such a clause was not discussed with regard to, and accordingly does not exist in, the parties' June 7, 2020 agreement. (*See id.* at 5–8.) In fact, Defendants themselves noted that a non-competition clause was "[n]ever discussed" and was "[n]ot part of the settlement or lawsuit" in their red-line edits of the parties' proposed written settlement agreement. (*See* Dkt. No. 11-4 at 7.) Therefore, Defendants have not identified any material term on which the parties did not agree in their June 7, 2020 agreement.[2]

### B.   Sealed Docket Entries

On July 9, 2020, the Court denied without prejudice Plaintiff's motion to seal because the parties had not satisfied the meet-and-confer requirement under Western District of Washington Local Civil Rule 5(g). (Dkt. No. 23 at 1–2.) The Court nonetheless directed the Clerk to maintain the relevant docket entries under seal "pending the filing of a renewed motion to seal and the Court's ruling on such a motion." (*Id.* at 2.) Plaintiff has since notified the Court that it does not intended to refile its motion to seal "and welcomes the unsealing" of the docket entries because it "does not believe the Settlement Agreement or attendant briefing should be under seal because the parties' privacy interests in a $16,000 settlement agreement are far less important than the public's access to the court's file." (Dkt. No. 25 at 1) (quoting Dkt. No. 10 at 1). Defendants have failed to file a motion to seal or otherwise signal whether they intend to do so. Accordingly, Defendants are ORDERED to file a renewed motion to seal that complies with Western District of Washington Local Civil Rule 5(g) within 14 days of the date this order is issued. Failure to do

---

[2] Defendants also argue that Plaintiff is estopped from claiming that the parties have reached a settlement agreement. (Dkt. No. 15 at 6.) Defendants do not support their argument with legal authority or citation to the record, and therefore do not establish how the doctrine of estoppel applies to or precludes the instant motion. (*See id.*)

so will result in the unsealing of the relevant docket entries in accordance with the strong presumption of access to the Court's files. *See* W.D. Wash. Local Civ. R. 5(g).

### III.   CONCLUSION

Therefore, Plaintiff's motion to enforce settlement agreement (Dkt. No. 11) is GRANTED in part and DENIED in part. The Court finds that the parties entered into an enforceable settlement agreement on June 7, 2020, when Defendants' then-counsel sent an email at 10:29 p.m. accepting all terms of settlement proposed by Plaintiff's counsel at 1:13 p.m. The parties are ORDERED to file a stipulation and notice of dismissal pursuant to their settlement agreement within 14 days of the date this order is issued. Defendants are further ORDERED to file a renewed motion to seal in accordance with this order within 14 days of the date this order is issued.

DATED this 3rd day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE